UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION

WILLIAMS REED SMITH                                 NUMBER 05-198-RET-SCR

### NOTICE

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
 In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

 Baton Rouge, Louisiana, October 4, 2010.

                *Stephen C. Riedlinger*
                STEPHEN C. RIEDLINGER
                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                               CRIMINAL ACTION

WILLIAMS REED SMITH                                  NUMBER 05-198-RET-SCR

MAGISTRATE JUDGE'S REPORT

Petitioner William Reed Smith filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

Petitioner pled guilty to one count conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846, one count distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1), one count distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), one count of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), and one count of possession of marijuana in violation of 21 U.S.C. § 844(a).  On May 22, 2008, the petitioner was sentenced to 108 months in the custody of the Unites States Bureau of Prisons. Petitioner did not appeal his convictions and sentence.

Petitioner raised a single ground for relief in his § 2255 motion: he received ineffective assistance of counsel on appeal when his counsel failed to file a notice of appeal.

**Review of the Evidence**

An evidentiary hearing was conducted on the petitioner's § 2255 motion.  Petitioner William Reed Smith testified that he was the defendant in CR 05-198-RET and was represented by attorney John McLindon.

Petitioner testified that he is a high school graduate and can read and write.  Petitioner testified that prior to signing the Plea Agreement,[1] he reviewed it with his attorney. Petitioner testified that he recalls reading the Plea Agreement and that he read every page of it.  Petitioner testified that he could not recall specifically whether he reviewed with his attorney the provisions of the Plea Agreement dealing with the waiver of his rights to appeal.

Petitioner testified that prior to entering into the Plea Agreement, he discussed with his attorney the amount of jail time that could be imposed and reviewed with him the sentencing guidelines, including the point system, the amount of the drug, and the possibility of getting a safety valve reduction.

Petitioner testified that he could not recall whether the district judge reviewed the Plea Agreement with him at the time he entered a guilty plea.  Petitioner testified that if the transcript of the hearing before the district judge in which he entered a guilty plea reflects that the district judge reviewed the Plea

---

[1] Record document number 29.

Agreement, he would have no reason to dispute that the district judge did so.  Petitioner further testified that if the transcript reflects that the district judge questioned him about his understanding of the terms of the Plea Agreement and that the petitioner replied that he understood the terms of it, he would have no reason to dispute what he said.  Petitioner testified that he did not ask McLindon to file a notice of appeal and he did not ask the district judge to enter a notice of appeal at the time he was sentenced.

Petitioner testified that after he was sentenced, McLindon did not advise of him of his right to appeal or discuss with him the advantages or disadvantages of taking an appeal.  Petitioner testified that he did not know he had the right to take an appeal and that had he known he had the right to file a notice of appeal, he would have appealed his sentence even though he had executed a waiver of some of his rights.  Petitioner testified that no one else discussed with him his right to appeal.

In his affidavit John S. McLindon stated that he represented the petitioner on the underlying criminal charges.[2]  McLindon stated that he discussed the Plea Agreement in detail with the petitioner, including the paragraph which set forth the waiver of

---

[2] Record document number 87.  The United States of America was granted leave of court to expand the record pursuant to Rule 7, Rules Governing Section 2255 Proceedings for the United States District Courts, to include the affidavit executed by McLindon in lieu of his testimony at the evidentiary hearing.

3

his appeal rights. McLindon stated that the petitioner acknowledged that he understood that his right to appeal was limited to the following: (1) any punishment imposed in excess of the statutory maximum; (2) any punishment which was an upward departure pursuant to the guidelines; and, (3) any punishment which was above the guidelines range calculated by the court. McLindon stated that the presentence report prepared by the Probation Office estimated the petitioner's total offense level to be 39 with a criminal history category of I. McLindon stated that the petitioner's guideline imprisonment range was 262 to 327 months.

McLindon stated that the court found the petitioner's guideline range to be 108 to 135 months and sentenced him to serve a term of 108 months. McLindon stated that because none of the exceptions set forth in the waiver of appeal were triggered by the sentence imposed by the court, the subject of an appeal was not raised by either him or the petitioner. McLindon stated that the petitioner did not discuss an appeal with him and he did not inform the petitioner that he had a right to appeal his sentence.

During re-arraignment proceedings held on October 3, 2005, the Plea Agreement was read into the record and the petitioner was sworn and questioned by the district judge before the guilty plea was accepted.[3] At sentencing, the district judge stated that because the Plea Agreement contained a waiver of appeal rights he

---

[3] Record document number 31, Minute Entry.

would not advise the petitioner of his appeal rights.[4]

## Findings of Fact

A preponderance of the credible evidence supports the following factual findings.

Prior to re-arraignment, McLindon reviewed the terms of the Plea Agreement with the petitioner, including the paragraph which set forth his waiver of appeal rights and the limited conditions under which he could appeal. At all times thereafter the petitioner understood the terms of the Plea Agreement, including his waiver of appeal rights and the limited grounds on which he might appeal.

At re-arraignment the Plea Agreement was read and the petitioner was sworn and questioned by the district judge about his understanding of it, including the waiver of his appeal rights, before the guilty plea was accepted. At sentencing the district judge did not re-advise the petitioner of his appeal rights. Because the petitioner was sentenced within the guidelines range to 108 months, none of the conditions which entitled him to appeal his sentence were triggered. Petitioner did not ask the district judge to enter a notice of appeal at the time he was sentenced.

After sentencing McLindon did not re-advise the petitioner of his right to appeal or discuss with him the advantages or

---

[4] Record document number 74, Sentencing Transcript, p. 38.

disadvantages of taking an appeal.  Petitioner did not question McLindon about taking an appeal nor did he ask McLindon to file a notice of appeal.

Petitioner did not identify any nonfrivolous ground for appeal.

## Applicable Law

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

The Sixth Amendment entitles a criminal defendant to effective assistance of counsel on direct appeal.  *United States v.* Reinhart, 357 F.3d 521 (5th Cir. 2004).  To prevail on a claim of ineffective assistance for failure to file a notice of appeal, the petitioner must show that the failure fell below and objective standard of reasonableness and that it prejudiced him.  *See Roe v. Flores-Ortega*, 528 U.S. 470, 478, 120 S.Ct. 1029, 1035 (2000).

Courts must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Strickland v. Washington,* 466 U.S. 668,

6

690, 104 S.Ct. 2052, 2066 (1984). Judicial scrutiny of counsel's performance must be highly deferential. *Id*. at 689, 104 S.Ct. at 2065.

An attorney's failure to file a notice of appeal when requested is "professionally unreasonable." *Flores-Ortega*, 528 U.S. at 477, 120 S.Ct. at 1035. When a defendant has not specifically expressed his wishes regarding an appeal, the preliminary inquiry is "whether counsel in fact consulted with the defendant about an appeal." *Id*. at 478, 120 S.Ct. at 1035. Under *Flores-Ortega*, "consult" means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*. If counsel consults with the defendant, then counsel acts in a "professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id*. If counsel has not consulted with the defendant, the inquiry is whether counsel's failure to consult with the defendant itself constitutes deficient performance. *Id*.

Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *Id.* at 480, 120 S.Ct. at 1036. In making this determination, the court must take into account all the

7

information counsel knew or should have known. *Id*. Although not determinative, a highly relevant factor in this inquiry is whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. *Id*. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. *Id*.

The rule set forth in *Flores-Ortega* is applicable in cases even where the defendant has waived his right to direct appeal and collateral review. *U.S. v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).

The second part of the *Strickland* test requires the petitioner to show prejudice from counsel's deficient performance. To show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed. *Flores-Ortega*, 528 U.S. at 484, 120 S.Ct. at 1038.

When counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal. *Id*., 120 S.Ct. at 1039.

8

**Conclusions**

The credible evidence established that counsel's representation did not fall below an objective standard of reasonableness. Specifically, McLindon's failure to consult with the petitioner about an appeal did not constitute deficient performance because there is no reason to think a rational defendant would want to appeal in the circumstances of this case, the petitioner was aware of his appeal rights, and the petitioner never indicated to McLindon that he was interested in appealing. Petitioner's conviction followed a guilty plea, which both reduced the scope of potentially appealable issues and indicated to counsel that the petitioner sought an end to judicial proceedings. Moreover, the petitioner received a sentence significantly below the advisory guidelines range and the Plea Agreement expressly waived all appeal rights except in circumstances which were not triggered by the sentence imposed. Petitioner's claim that he received ineffective assistance of counsel is without merit.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be denied.

Baton Rouge, Louisiana, October 4, 2010.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE